## G. N. DICKERSON ET AL v. MARY F. MAYS.

STATUTE OF FRAUDS. *Deed fraudulently obtained. Relief. Parol contract. Case in judgment.*

In 1871, J. bought from L. a house and lot in Ashland, and paid for it, but neglected to get a deed thereto. He gave the house and lot to his daughter M., and son H., who took possession and resided on it till 1878, when they agreed to exchange it with D. for certain property which he owned. M. and H. gave possession of the house and lot to D., and instructed L. to convey to him the title thereof, but at D.'s request the deed was made to his son, and was never filed for record. After getting possession of the Ashland property, D. refused to surrender to M. and H. the possession of the property which he had agreed to exchange for it, or to make them a deed thereto. M. bought H.'s interest in the property, and, in 1879, filed a bill in chancery for the purpose of having the title to the Ashland property, or to that which D. had agreed to exchange for it, vested in her. D. and his son demurred to the bill on the ground that J.'s contract of purchase of the Ashland property, the gift thereof to complainant and her brother, and the contract of exchange with D. were all parol merely, and could not be enforced. *Held,* that the bill is not obnoxious to the Statute of Frauds, as it does not seek the enforcement of a parol contract for the sale of land, but the cancellation of a conveyance which it is inequitable for the defendants to hold.

APPEAL from the Chancery Court of Benton County.

Hon. A. B. FLY, Chancellor.

The bill filed in this suit on the 14th of November, 1870, by Mrs. Mary F. Mays against G. N. Dickerson, G. D. Dickerson and H. L. Machem, alleges substantially the following facts: In 1871, John H. Machem purchased of L. J. McDonald a house and lot in the town of Ashland, Benton county, which he intended for the use and benefit of the complainant, Mary F. Mays, and her brother, H. L. Machem, who were his children. J. H. Machem paid for the property and put Mary F. Mays and her brother in possession of it; but by

accident or neglect no conveyance was taken from McDonald ; and in November, 1873, the complainant and her brother made a parol contract with G. N. Dickerson to exchange this house and lot in Ashland for a house and lot in the town of Salem, Benton County, and a tract of land in the same county. In pursuance of this contract the complainant and her brother H. L. Machem, instructed L. J. McDonald to excute a deed of conveyance of the Ashland property bought for them by their father directly to G. N. Dickerson, with the understanding that he would convey to them the property which he had agreed to exchange with them. Dickerson got a deed from McDonald to the Ashland property, taking the title in the name of his son, G. D. Dickerson, and withholding the deed from record. G. N. Dickerson took possession of the Ashland property, which he has used and enjoyed ever since ; but he has refused to deliver to complainant and her brother the property which he agreed to convey to them and has fraudulently declined to execute to them a deed of conveyance which he contracted to exchange for the Ashland property. H. L. Machem has sold his interest in the property to the complainant. J. H. Machem their father died in 1872.

The prayer of the bill is for " a decree divesting all right, title and interest of the said defendants in and to the said house and lot in the town of Ashland, or the property which the said Dickerson was to convey for said house and lot, out of them and each of them and vesting the same in a commissioner of the court, with full power to convey the same to your oratrix," etc., and for general relief.

. H. L. Machem made no defence to the bill. The Dickersons demurred to the bill on the ground, amongst others, that J. H. Machem's contract of purchase with McDonald, his gift of the property to complainant and H. L. Machem,— and the contract of exchange between complainant and H. L. Machem on the one side, and G. N. Dickerson on the other, could not be enforced because not in writing. The demurrer was overruled, and the defendants answered. Proof was taken, and on final hearing a

decree was rendered vesting the title to the Ashland property in a commissioner, with directions to convey the same to the complainant, unless G. N. Dickereson should within thirty days convey to her the property which he had agreed to exchange for the Ashland property. From that decree the Dickersons appealed.

*B. F. Worsham*, for the appellants.

The first ground of demurrer goes to the whole of the bill, "that complainant is not entitled to the special relief prayed, nor to any relief." It is shown on face of original and amended bill, that the alleged purchase of the lot in Ashland by John H. Machem of J. L. McDonald, and the pretended gift of same by said John H. Machem to his daughter Mary F. Mays, complainant, and H. L. Machem, his son, and then the alleged trade or exchange of this property to G. N. Dickerson, one of appellants, for the property in Salem, was all in parol and therefore plainly within the Statute of Frauds. This court has heretofore announced that it will, as to contracts required by the statute to be in writing, adhere to its requirement in all cases. See *Gatherd* v. *Flin*, 25 Miss. 63. The case made by the bill in this case invokes the rule with all its force.

*Kimbrough & McDonald*, for the appellee.

The appellants in this case got possession of, and a deed to, appellee's land under a verbal or parol agreement to exchange lands; then refused to make deed on his part or give possession, but held both pieces of property till the appellee filled her bill for one or the other, and rents. A court of equity will not let appellants hold both pieces, but will cancel the deed fraudulently obtained or make grantee hold it for injured party. See Kerr on Fraud, 333, 276, 89; 59 Miss. 663; 8 Am. Law. Rep. 665. In this case the fraudulent grantee should be made to hold title as trustee for benefit of injured party. Bump's Fr. Conv. 265, 567; Kerr on Fraud, 352, *et seq.*, and 345; Bump's Fr. Com. 569. Dickerson's son, Douglass Dickerson, to whom he had deed made instead of himself, paid nothing; so though

innocent, he can not hold.   Kerr on Fraud, 50; 1 Cush. 105; 10 Smed. & M. 173.

CAMPBELL, C. J., delivered the opinion of the court.

The Statute of Frauds presents no obstacle to the bill, which does not seek the enforcement of a parol agreement for the sale of land, but the concellation of a conveyance which it is inequitable for the defendant to hold.   There was no just objection to the bill, and the demurrer was rightly overruled. The evidence supports the decree, and it is affirmed.